IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO.<br>1:16-cr-0301-LMM-RGV |
| OSCAR VAZQUEZ-NAVARETTE | |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Defendant Oscar Vazquez-Navarette ("Vazquez-Navarette") is charged in a single-count indictment with illegal re-entry after deportation, in violation 8 U.S.C. §§ 1326(a) and (b)(2). See [Doc. 1].[1] Vazquez-Navarette has filed a motion to suppress statements, [Doc. 15], and a motion to suppress evidence, [Doc. 16]. At the request of the parties, the motion to suppress statements has been deferred to the District Judge, see [Doc. 17], and for the reasons that follow, it is **RECOMMENDED** that Vazquez-Navarette's motion to suppress evidence, [Doc.16], be **DENIED**.

**I. STATEMENT OF FACTS**

On August 2, 2016, law enforcement agents of Homeland Security Investigations encountered Vazquez-Navarette while executing a search warrant at

---

[1] The listed document and page numbers in citations to the record in this Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

an apartment in Atlanta, Georgia. [Doc. 16 at 1].[2] Specifically, agents conducting surveillance of the apartment observed Vazquez-Navarette exit the apartment, and agents subsequently obtained a search warrant for the apartment. [Id.]. Vazquez-Navarette returned to the apartment while the agents were executing the search warrant, and he maintains that he was detained before reaching the apartment. [Id.]. According to an investigative report, a check with the Law Enforcement Support Center revealed that Vazquez-Navarette had previously been deported, and he was arrested without a warrant. [Id. at 1-2].

Vazquez-Navarette contends that his warrantless stop, detention, and arrest violated the Fourth Amendment, and he moves to suppress the fruit of and all evidence obtained from these warrantless intrusions, including all evidence of his "identity, fingerprints, immigration status, immigration history and statements made by [him] to law enforcement concerning his identity, immigration status and immigration history." [Doc. 16 at 2-3]. For purposes of the pending motion to suppress evidence, the government does not dispute that the encounter with Vazquez-Navarette on August 2, 2016, occurred without a warrant, nor does the government seek to present evidence to establish that the stop, detention, and arrest

---

[2] This statement of facts is drawn from Vazquez-Navarette's motion to suppress evidence, [Doc. 16], which the government does not oppose for purposes of the Court's consideration of this motion which seeks relief contrary to binding Eleventh Circuit authority, and it does not represent findings of fact by the Court.

were supported by probable cause or reasonable suspicion. See [Doc. 17 (colloquy with counsel at pretrial conference)]. Rather, the government contends that, even if the encounter on August 2, 2016, violated the Fourth Amendment, Vazquez-Navarette's motion to suppress evidence of his identification is precluded by binding Eleventh Circuit precedent, which Vazquez-Navarette essentially concedes. See [Doc. 16 at 3].

## II.  DISCUSSION

Vazquez-Navarette acknowledges that the Eleventh Circuit has ruled that "the exclusionary rule does not apply to evidence offered in a criminal proceeding to establish the defendant's identity." [Id. (citations omitted) (citing United States v. Farias–Gonzalez, 556 F.3d 1181, 1182, 1189 (11th Cir. 2009))]. Nevertheless, Vazquez-Navarette asserts that "the exclusionary rule should be applied in the criminal context even to identity-related evidence when violations of interests generally protected by the Fourth Amendment are egregious or transgress notions of fundamental fairness." [Id. at 3–4]. He maintains that a hearing is required to establish the circumstances of his stop, detention and arrest "so that the Court may assess whether there has [] been [a] violation of the Fourth Amendment interests to a degree sufficient to warrant application of the exclusionary rule." [Id. at 4].

Vazquez-Navarette has not made any preliminary showing of an egregious violation or transgression of fundamental fairness that would merit an evidentiary

3

hearing under his theory, United States v. Brown, 441 F.3d 1330, 1349-50 (11th Cir. 2006) (finding no abuse of discretion in declining to hold an evidentiary hearing where motion to suppress presented neither argument nor facts that supported the relief requested), and in any event, his argument is foreclosed by Eleventh Circuit precedent under which the government may introduce his name, photograph, fingerprints, and alien file solely for identification purposes, even if the evidence was obtained as a result of an unconstitutional search or seizure, see United States v. Vasquez–Garcia, 344 F. App'x 591, 592 (11th Cir. 2009) (per curiam) (unpublished) (citing Farias–Gonzalez, 556 F.3d at 1182, 1189) ("[I]dentity-related evidence is not suppressible when offered in a criminal prosecution only to prove who the defendant is. Identity-related evidence includes finger prints and photographs."); Farias-Gonzalez, 556 F.3d at 1189 ("[T]he exclusionary rule does not apply to evidence to establish the defendant's identity in a criminal prosecution[.]"); see also United States v. Aguila–Perez, 344 F. App'x 521, 523 (11th Cir. 2009) (per curiam) (unpublished); United States v. Wilson, 238 F. App'x 571, 575 (11th Cir. 2007) (per curiam) (unpublished) (finding provision of name during booking process is not subject to the protections of Miranda); United States v. Rosas-Illescas, 872 F. Supp. 2d 1320, 1324-26 (N.D. Ala. 2012); United States v. Diaz–Hernandez, No. 11–14014–CR, 2011 WL 1770455, at *7–8 (S.D. Fla. Apr. 15, 2011), adopted by 2011 WL 1765225, at *1 (S.D. Fla. May 9, 2011); United States v. Slaughter, No.

4:10–CR–24–01–HLM, 2011 WL 1337401, at *8–9 (N.D. Ga. Apr. 6, 2011), aff'd, 708 F.3d 1208 (11th Cir. 2013).  Accordingly, an evidentiary hearing is not warranted, and Vazquez-Navarette's motion is due to be denied based on binding circuit precedent.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that Vazquez-Navarette's motion to suppress evidence, [Doc. 16], be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, certified Ready for Trial.[3]

**IT IS SO ORDERED AND RECOMMENDED**, this 7th day of October, 2016.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[3] Counsel indicated at the pretrial conference that additional charges may be forthcoming, but that the case should be certified as ready for trial on the pending charge.  The motion to suppress statements, [Doc. 15], remains pending as it has been deferred to the District Judge upon the request of the parties, see [Doc. 17].